UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON SPENCER,<br><br>                    Plaintiff,<br><br>     v.<br><br>EMPIRE TODAY, LLC,<br><br>                    Defendant. | CASE NO. 2:25-cv-01661-LK<br><br>ORDER GRANTING STIPULATED MOTION TO STAY |

This matter comes before the Court on the parties' stipulated motion to stay this case. Dkt. No. 13. The parties request that this Court "stay this action, including all pending deadlines, Defendants' pending motion to compel arbitration and Plaintiff's deadline to file his remand motion, for 45 days to allow the Parties an opportunity to explore early resolution." *Id.* at 1.

The parties state that a "stay of this case would promote efficiency for the Parties and the Court." *Id.* They propose to file a joint status report 55 days from the entry of an order staying the case apprising the Court of the status of the matter and, if the matter is not resolved, providing a briefing schedule on Defendant's pending motion to compel arbitration. *Id.*

ORDER GRANTING STIPULATED MOTION TO STAY - 1

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Here, it does not appear that any damage, hardship, or inequity will result from the requested stay or that any questions of law will arise as a result. In addition, granting a stay will promote the orderly course of justice and preserve the parties' and the Court's resources.

For the foregoing reasons, the Court GRANTS the parties' stipulated motion to stay this case, Dkt. No. 13, STAYS this case until November 17, 2025 and extends Plaintiff's deadline to file a motion to remand to that date, REMOVES the pending motion to compel arbitration (Dkt. No. 8) from the motions calendar, and ORDERS the parties to submit a joint status report on or before November 25, 2025 apprising the Court of the status of the matter and, if the matter is not resolved, proposing a briefing schedule for Defendant's motion to compel arbitration.

Dated this 29th day of September, 2025.

Lauren King
United States District Judge

ORDER GRANTING STIPULATED MOTION TO STAY - 2