UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON SPENCER,<br><br>                       Plaintiff,<br>     v.<br><br>EMPIRE TODAY, LLC et al.,<br><br>                      Defendants. | CASE NO. 2:25-cv-01661-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART STIPULATED MOTION TO STAY |

       This matter comes before the Court on the parties' stipulated motion to stay this case. Dkt. No. 19. The parties request that this Court "stay this action, including all pending motions deadlines, for 30 calendar days to allow the Parties an opportunity to explore a potential early resolution." *Id.* at 1.

       The parties state that a "stay of this case would promote efficiency for the Parties and the Court." *Id.* They propose to file a joint status report "no later than February 20, 2026, apprising the Court on the outcome of settlement discussions and setting briefing schedules for Plaintiff's pending motion to remand and Defendants' pending motion to compel arbitration." *Id.*

ORDER GRANTING IN PART AND DENYING IN PART STIPULATED MOTION TO STAY - 1

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

At the same time, a federal court has an independent duty to determine whether it has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (federal court is obligated to determine sua sponte whether it has subject matter jurisdiction). Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

Absent subject matter jurisdiction, "the outcome of settlement discussions" is of no import to the Court. It is unable to dismiss a case with prejudice—or approve a class action settlement—without jurisdiction.[1] And as the parties know, this Court has repeatedly concluded that it lacks subject matter jurisdiction over substantially identical cases. *See, e.g.*, *Wright v. Bluelinx Corp.*,

---

[1] To the extent the parties intend to dismiss the case without prejudice, they may so inform the Court.

ORDER GRANTING IN PART AND DENYING IN PART STIPULATED MOTION TO STAY - 2

No. 2:25-CV-01645-LK, 2025 WL 3771239, at *2 (W.D. Wash. Dec. 31, 2025); *Spencer v. Walmart Inc.*, No. 23-cv-1793-BJR, 2025 WL 2910569, at *4–5 (W.D. Wash. Oct. 14, 2025). Therefore, it would not promote the orderly course of justice or preserve the Court's resources to grant a stay of Plaintiff Shannon Spencer's motion to remand. However, aside from the motion to remand, it does not appear that any damage, hardship, or inequity will result from staying the remainder of the action or that any questions of law will arise as a result of doing so.

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the parties' stipulated motion to stay this case. Dkt. No. 19. Other than the motion to remand, the Court STAYS this case until February 20, 2026, and ORDERS the parties to submit a joint status report on or before that date apprising the Court of the status of the matter and, if the matter is not remanded or resolved by that date, proposing a briefing schedule for Defendants' pending motion to compel arbitration.

Dated this 14th day of January, 2026.

Lauren King
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART STIPULATED MOTION TO STAY - 3