UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON SPENCER, | CASE NO. 2:25-cv-01661-LK |
| Plaintiff, | ORDER GRANTING MOTION TO REMAND |
| v. | |
| EMPIRE TODAY, LLC at al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Shannon Spencer's Motion to Remand. Dkt. No. 15. Defendant Empire Today, LLC filed a response stating that "[i]n light of the opinions from this Court that have been issued subsequent to Empire's removal of this action, in which the Court has granted remand in similar cases brought under the Washington Equal [Pay] and Opportunities Act, RCW 49.85.110, Empire no longer opposes remand." Dkt. No. 21 at 1.

Pursuant to Local Civil Rule 7(b)(2), the Court construes Empire's non-opposition to the motion to remand "as an admission that the motion has merit." Moreover, reviewing the substance of the motion, the Court finds that it does have merit. Spencer's complaint, Dkt. No. 1-1, is substantively identical to his other complaints that Courts in this district have remanded based on

ORDER GRANTING MOTION TO REMAND - 1

a lack of Article III standing. *See Spencer v. Aramsco Inc.*, No. 2:25-cv-01672-LK, 2026 WL 376942, at *3–4 (W.D. Wash. Feb. 11, 2026) (remanding claim brought under Washington's Equal Pay and Opportunities Act, Wash. Rev. Code § 49.58.110, based on lack of Article III standing); *Spencer v. L'Oreal USA Inc.*, 2:25-cv-01603-LK, 2026 WL 295689, at *3 (W.D. Wash. Feb. 4, 2026) (same); *Spencer v. Walmart Inc.*, No. 23-cv-1793-BJR, 2025 WL 2910569, at *4–5 (W.D. Wash. Oct. 14, 2025) (same). Here too, a thorough review of the complaint shows that Spencer lacks Article III standing for the same reasons the Court identified in the above cited cases. In addition, Spencer's motion to remand argued that the $75,000 amount in controversy requirement is not met, Dkt. No. 15 at 11–15, and Empire does not dispute that point, Dkt. No. 21.[1] The failure to satisfy the amount in controversy is another reason this Court lacks subject matter jurisdiction. *See Spencer v. Aramsco Inc.*, 2026 WL 376942, at *5–6 (finding the amount in controversy unmet by similar allegations).

Accordingly, Spencer's motion to remand is GRANTED. Dkt. No. 15. Because Empire has failed to establish subject matter jurisdiction, the Court ORDERS that:

1. Pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are REMANDED to the Superior Court for King County in the State of Washington;

2. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Court for the Superior Court for King County, Washington;

3. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court for King County, Washington; and

//

//

---

[1] Empire removed this matter based solely on the alleged existence of traditional diversity jurisdiction under 28 U.S.C. § 1332(a). *See generally* Dkt. No. 1.

ORDER GRANTING MOTION TO REMAND - 2

4. The Clerk of the Court shall CLOSE this case.

Dated this 23rd day of February, 2026.

Lauren King
United States District Judge

ORDER GRANTING MOTION TO REMAND - 3